## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Leslie L. Smith,

                Plaintiff,

v.

Auto Club Services, Inc.,

                Defendant.

Case No. 0:17-cv-01949 (RHK/FLN)

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

---

Defendant Auto Club Services, Inc. ("Auto Club") expected Plaintiff to oppose its Motion to Dismiss by addressing the arguments, discussing the cited authorities, and attempting to show why her claims should survive. She does none of these things. Instead, she replays the insufficient allegations from her Complaint, ignores the heightened pleading standard applicable to her fraud-based claims, and fails in nearly all instances to mention, let alone address, the deficiencies identified by Auto Club. Her approach only spotlights the flaws with her claims. Instead of defending them, Plaintiff asks the Court to allow the case to proceed to discovery on the chance something will turn up. Because her response is as threadbare as her Complaint, Auto Club asks the Court to grant its motion and dismiss this action.

## <u>ARGUMENT</u>

### I.    **Plaintiff Does Not Address Rule 9(b)'s Heightened Pleading Requirement.**

Auto Club moved to dismiss Plaintiff's fraud-based claims because she failed to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement. (Doc. #

17, pp. 3-5). Plaintiff wholly fails to respond to Auto Club's argument. (*See* Doc. # 19). Her brief contains no discussion of the heightened pleading standard and no attempt to argue her Complaint meets that heightened standard. (*See id.*). The brief lacks even a single citation to Rule 9(b). (*See id.*).

Plaintiff does reference Rule 8(a), which requires only a "short and plain statement of the claim" (Doc. # 19, pp. 1-2), and she says her Complaint meets that standard. (*Id.*). But her brief does not discuss why Rule 8(a) is the applicable standard. Neither does she engage with, or even mention, the cases cited by Auto Club, which require the heightened pleading standard for fraud-based claims like hers. *See E-Shops Corp. v. U.S. Bank Nat. Ass'n*, 678 F.3d 659, 665-66 (8th Cir. 2012) (applying Rule 9(b) to Minnesota Deceptive Trade Practices Act claims); *Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010) (applying Rule 9(b) to a declaratory judgment action based on fraudulent misrepresentation); *Midwest Theatres Corp. v. IMAX Corp.*, No. CIV. 08-5823 DSD/SRN, 2009 WL 649701, at *2 (D. Minn. Mar. 11, 2009) (applying Rule 9(b) to Minnesota Franchise Act and common law fraud claims); *United States v. Henderson*, No. CIV.03-5060 (MJD/JDL), 2004 WL 540278, at *2 (D. Minn. Mar. 16, 2004) (applying Rule 9(b) to fraud-based unjust enrichment claims).

Plaintiff's failure to contest Auto Club's Rule 9(b) argument "amounts to a waiver" of the argument. *Christensen v. PennyMac Loan Servs., LLC*, 988 F. Supp. 2d 1036, 1042 (D. Minn. 2013) (collecting sources); *see also Hacker v. Barnhart*, 459 F.3d 934, 937 n. 2 (8th Cir. 2006) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue."); *Gharwal v. Fed. Nat. Mortg. Ass'n*, No.

13-CV-0685 PJS/JSM, 2013 WL 4838904, at *1 (D. Minn. Sept. 11, 2013) (dismissing slander of title claim for failure to respond to defendants' arguments in favor of dismissal).

The authority cited in Auto Club's Motion to Dismiss and Memorandum in Support demonstrates that Counts I, II, and V-VII of Plaintiff's Complaint (the fraud-based claims) are all governed by Rule 9(b), which requires "plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (internal quotation and citation omitted).  Plaintiff's Complaint fails to allege what the allegedly fraudulent projections were, how they were false, or why they were fraudulent.  As Plaintiff does not dispute Rule 9(b) applies to Counts I, II, and V-VII, and does not plead facts to satisfy it, those counts should all be dismissed.

## II.    Plaintiff Does Not Address Auto Club's Additional Reasons for Dismissal of Her Fraud-Based Claims.

Moving past Plaintiff's abject failure to satisfy Rule 9(b), Plaintiff's fraud-based claims have additional flaws that independently warrant dismissal.  None is sufficiently addressed by Plaintiff's response; most are not mentioned at all.

### A.    Plaintiff Has Not Pleaded Payment of a Qualifying Franchise Fee, So Her Franchise Act Claim (Count I) Should Be Dismissed.

To state a claim under the Minnesota Franchise Act (the "MFA"), a plaintiff must first plead a franchise.  *Clear Wave Hearing Instruments, Inc. v. Starkey Holding Corp.*, No. CIV. 11-1562 DWF/SER, 2012 WL 949953, at *6 (D. Minn. Mar. 20, 2012).  A franchise requires the payment of a franchise fee.  Minn. Stat. § 80C.01, subd. 4(a).

3

In her opposition brief, Plaintiff claims the following constitute a franchise fee: (1) "costs to operate"; (2) payments for telephone and fax numbers, and computer equipment; and (3) her inability to generate revenue for 60 days pending Auto Club's approval process. (Doc. # 19, pp. 4-5). The first two can be analyzed together, as the second are simply examples of the first. Operating costs "are not considered franchise fees unless they are unreasonable and lack a valid business purpose." *Day Distrib. Co. v. Nantucket Allserve, Inc.*, No. 07-CV-1132 PJS/RLE, 2008 WL 2945442, at *5 (D. Minn. July 25, 2008). Plaintiff acknowledges that neither general operating costs nor payments for the use of phone, fax, and computer equipment may constitute a franchise fee unless the costs exceed "bona fide wholesale prices." (Doc. # 19, p. 4-5). Yet, she pleads no facts to show they do.

Plaintiff also contends this issue cannot be determined at the motion to dismiss stage. But courts in this district routinely decide the issue at this stage. *See e.g., Clear Wave Hearing Instruments, Inc.*, 2012 WL 949953, at *7. Plaintiff's insistence that discovery is necessary to determine reasonableness when unreasonableness is never pleaded misses the mark. It is a plaintiff's burden to plead sufficient facts to show entitlement to the requested relief. *Brown v. Ameriprise Fin. Servs., Inc.*, 707 F. Supp. 2d 971, 974 (D. Minn. 2010). "[A p]laintiff's request to uncover evidence through discovery to support his claim is not sufficient to survive [a d]efendant's motion to dismiss." *White v. Cox*, No. 5:12-6149-CV-DGK, 2013 WL 3467083, at *2 (W.D. Mo. July 10, 2013). Because Plaintiff's Complaint fails to allege the costs were unreasonable,

CORE/3001350.0003/134990419.1

let alone provide factual support for such a claim, her action fails.  As a matter of law, ordinary costs cannot be transformed into a franchise fee.

Plaintiff's third argument, that she should be deemed to have paid a "franchise fee" because she was delayed in earning income, ignores the Minnesota statute.  A franchise fee is a "fee or charge" *paid* by the franchisee.  Minn. Stat. § 80C.01, subd. 9.  In *Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc.*, 88 F. Supp. 3d 1034 (D. Minn. 2015), the plaintiff asserted it had paid a franchise fee when it refrained from selling competing products.  The court disagreed, stating that refraining from making sales could not be a franchise fee as "only charges or payments of certain kinds qualify as franchise fees." *Rogovsky Enter., Inc.*, 88 F. Supp. 3d at 1046.

Plaintiff's argument here is no better.  Plaintiff says she refrained from making any sales for sixty days while Auto Club processed her application.  (Doc. # 19, p. 5).  But *refraining* from making sales is not the same as *making* payments.  *See* Minn. Stat. § 80C.01, subd. 9.  And because of that, her MFA claim should be dismissed.

### B.   Because Plaintiff Fails to Defend the Pleading Flaws Related to Her Deceptive Trade Practices Act Claim (Count II), It Should Be Dismissed.

Auto Club moved to dismiss Plaintiff's Minnesota Deceptive Trade Practices Act ("MDTPA") claim because she: (1) failed to allege the challenged conduct caused harm to others besides her; and (2) failed to allege a likelihood of future harm.  (Doc. # 17, pp. 7-8).  If an MDTPA claim is to survive a motion to dismiss, both are necessary.  *See DeVary v. Countrywide Home Loans, Inc.*, 701 F. Supp. 2d 1096, 1109 (D. Minn. 2010); *Four D., Inc. v. Dutchland Plastics Corp.*, No. CIV 01-2073 RHK/JMM, 2002 WL

5

570655, at *4 (D. Minn. Apr. 15, 2002).   Plaintiff's response addresses neither.   (*See* Doc. # 19).   She fails to make a single argument, cite a single case, or even dispute that her failure to plead (1) harm to others and (2) a likelihood of future harm are absolute bars to her MDTPA claim.   (*See id.*).   Instead, she urges the Act offers broad protection and repeats the allegations from her Complaint.   Her MDTPA claim should be dismissed. *See e.g., Christensen*, 988 F. Supp. 2d at 1042;[1] *see also* Auto Club's earlier argument for waiver, *supra* at p. 3.

### C.   There is Still No Actionable Basis for Plaintiff's Common-Law Fraud and Rescission Claims (Counts V and VII).

In response to Auto Club's arguments for dismissal of her common-law fraud and rescission claims, Plaintiff does nothing more than repeat them: (1) Auto Club gave her false projections; and (2) Auto Club failed to disclose that other individuals were using Auto Club's computer system to obtain leads improperly.   (Doc. # 19, pp. 9, 11-12). Neither supports a fraud claim against Auto Club.

Absent a specific misrepresentation of material fact, projections of future profit cannot form the basis of fraud.   *Crowell v. Campbell Soup Co.*, 264 F.3d 756, 764 (8th Cir. 2001).   Because Plaintiff does not dispute the alleged projections were inactionable

---

[1]   Auto Club additionally moved to dismiss Plaintiff's MDTPA claim because she failed to allege a trade practice deemed unlawful under the statute.   (Doc. # 17, pp. 8-9). Plaintiff responds hopefully that her allegations are sufficient because the MDTPA should be read broadly.   (Doc. # 19, pp. 5-6). Plaintiff ignores the MDTPA's list of thirteen specific prohibited deceptive trade practices.   Minn. Stat. § 325D.44.   Plaintiff's failure to allege a single practice identified as unlawful by the statute is a third and independent bar to her MDTPA claim.

CORE/3001350.0003/134990419.1

or otherwise provide a rationale to support them as a basis for her claim, *see* Doc. # 19, she has waived this argument. *See e.g., Christensen*, 988 F. Supp. 2d at 1042.

The alleged failure of Auto Club to disclose how the computer system was used by other agents is likewise insufficient: a party's failure to disclose information cannot support a fraud claim absent a duty to disclose. *Smith v. Questar Capital Corp.*, No. 12-CV-2669 SRN/TNL, 2014 WL 2560607, at *14 (D. Minn. June 6, 2014). Plaintiff does not plead Auto Club had a duty to disclose how the computer system was used. (*See* Doc. # 19). And none of the recognized exceptions that might create a duty for Auto Club to disclose this vaguely-pleaded impropriety applies in this case. *See Klein v. First Edina Nat'l Bank*, 196 N.W.2d 619, 622 (Minn. 1972). Plaintiff's common-law fraud and rescission claims should be dismissed.

> **D.      Plaintiff Does Not Dispute A Party Is Not Entitled to Plead Equitable Claims In the Alternative; Her Unjust Enrichment Claim (Count V) Should Be Dismissed.**

In response to Auto Club's argument for dismissal of her unjust enrichment claim, Plaintiff argues not the pleadings but the merits. (Doc. # 19, pp. 10-11). But before the merits may be reached, the Court must find the claim is properly pleaded. In Minnesota, when a valid contract governs the parties' relationship, a plaintiff is "not entitled to plead equitable claims in the alternative." *Clear Wave Hearing Instruments*, 2012 WL 949953, at *7. Plaintiff does not dispute this rule of law. Far from it, she admits she is simply pleading "the count of unjust enrichment in the alternative . . . [s]hould the Court find that a contract did not exist . . . ." (Doc. # 19, p. 10). Because this is precisely what *Clear Wave* prohibits, Plaintiff's unjust enrichment claim should be dismissed.

7

### III.    Plaintiff Does Not Dispute, or Even Address, Auto Club's Arguments for Dismissal of Her Employment-Based Claims (Counts III – IV).

Auto Club urged dismissal of Plaintiff's employment-based clams.  Plaintiff not only fails to rebut Auto Club's arguments for dismissal, she does not even acknowledge them.   Instead, she offers a lengthy, inapplicable discussion of the tests one might use to sort employees from independent contractors, then defaults to her generic allegations about overtime.  This is not enough.

Count III is Plaintiff's claim for misclassification as an independent contractor.  While she debates the merits of whether she was properly classified, Doc. # 19, pp. 6-8, she misses the point.   Alleged misclassification, by itself, does not create a cause of action under the FLSA.  It must be paired with the alleged employer's failure to comply with either the minimum wage or overtime provisions of the FLSA.   That was Auto Club's argument.  The Complaint does not allege any such failure in Count III; Plaintiff does not dispute that misclassification alone cannot support relief under the FLSA.  (*See* Doc. # 19).   Accordingly, Count III should be dismissed.  *See e.g., Christensen*, 988 F. Supp. 2d at 1042.

For her Count IV, Plaintiff simply re-asserts entitlement to unpaid overtime.  Once again, she does not address Auto Club's arguments.   Relying on *Plaintiff's own description* of her business activities for Auto Club, Auto Club argued several exemptions bar her claim for overtime and noted Plaintiff failed even to plead her work was of a non-exempt nature.  Plaintiff's response?  Silence.

CORE/3001350.0003/134990419.1

There is an additional reason why Count IV fails. To survive a motion to dismiss, a plaintiff asserting an FLSA overtime claim must plead specifics such as her rate of pay, the number of hours worked, and the amount of pay to which she is entitled. *See e.g., Bailey v. Border Foods, Inc.*, CIV No. 09-1230 RHK/AJB, 2009 WL 3248305 (D. Minn. Oct. 9, 2009). Plaintiff provides no response to this argument either, opting instead to offer the same conclusion: she "routinely worked in excess of 40 hours in a week." (Doc. # 19, p. 9). Conclusions are not enough in Minnesota. For this and the host of other reasons, both of Plaintiff's employment-based claims should be dismissed.

## CONCLUSION

A party facing substantial arguments in support of a Motion to Dismiss must answer them. Here, Plaintiff answers hardly any. When she even acknowledges Auto Club's arguments, her response most often repeats the allegations of her Complaint as though no one had heard them to begin with. Her next lines of defense are to inject merits discussions inappropriate at this stage, or to offer the most transparent of conclusions as though conclusions might carry the day. That Plaintiff is required to plead facts, and especially so in support of her fraud claims, seems lost on her.

One of the most important roles of a federal court is that of gatekeeper. Meritorious lawsuits should proceed; actions without merit should fail. When a party bringing a meritless action will not even defend it, the court should dismiss it. Auto Club asks this Court to grant its motion.

Respectfully submitted,

Dated:  September 13, 2017

/s/ Douglas R. Boettge

Douglas R. Boettge (#0237292)
Kristin Berger Parker (#0389249)
STINSON LEONARD STREET LLP
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota  55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657
Email: douglas.boettge@stinson.com
Email: kristin.parker@stinson.com

and

William Sampson (*pro hac vice*)
Kristen A. Page (*pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone:  (816) 474-6550
Facsimile:  (816) 421-5547
Email: wsampson@shb.com
Email: kpage@shb.com

**ATTORNEYS FOR DEFENDANT**

10