United States District Court
District of Minnesota
Civil No. 17-1949(PAM/FLN)

Leslie L. Smith,

    Plaintiff,

v.          **ORDER**

Auto Club Services, Inc.,

    Defendant.

    L. Kathleen Harrell-Latham, Esq. and Loop Legal PLLC, 2828 University Avenue SE, Suite 150, Minneapolis, MN 55414, counsel for plaintiff.

    William Roth Sampson, Esq. and Shook, Hardy, & Bacon LLP, 2555 Grand Blvd., Kansas City, MO 64108; Douglas R. Boettge, Esq. and Stinson Leonard Street, LLP, 50 South 6th Street, Suite 2600, Minneapolis, MN 55402; counsel for defendant.

This matter is before the court on the motion to dismiss by defendant Auto Club Services, Inc. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

This contract dispute arises out of the parties' June 2014, Entrepreneurial Agent Agreement (Agreement), which authorized plaintiff Leslie Smith to act as Auto Club's agent in connection with the sale of its insurance policies in Minnesota. Compl.

¶ 7; Agreement § I(A). In exchange for sales commissions, Smith was required to represent Auto Club exclusively, devote "sufficient time" to selling its products, and maintain certain quality standards set by Auto Club. Compl. ¶¶ 8-10. The Agreement specified that Smith was "an independent contractor and not an employee of [Auto Club] for any purpose." Agreement § IV(D).

Before Smith signed the Agreement, Auto Club gave her projections for anticipated sales revenue. Compl. ¶ 18. According to Smith, Auto Club told her that the projections were "very conservative" and a "bare minimum." Id. ¶ 19. Smith does not allege the specific sales revenue projected. Relying on those projections and statements, Smith executed the Agreement. Id. ¶ 20.

Smith alleges that after she signed the Agreement, Auto Club failed to authorize necessary approvals that prohibited her from immediately opening an office and making sales, even though she was already incurring operating expenses. Id. ¶¶ 21-23. When Smith finally began selling Auto Club policies in November 2014, she learned that Auto Club only underwrites policies at a "competitive price" for persons with high credit scores. Id. ¶ 25. Smith alleges that Auto Club knew that the credit-score averages in her territory made it impossible for her to meet the financial projections, but purposefully withheld that

information from her so that she would sign the Agreement.  Id. ¶¶ 34-36.  She also alleges that Auto Club prevented her from using its internal system to generate leads with qualifying credit scores outside of her territory, even though other agents were permitted to do so.  Id. ¶¶ 37-41.

In April 2017, after suffering "substantial losses" due to "disappointing revenue," Smith advised Auto Club that she was closing her office and seeking other employment.  Id. ¶¶ 42-46.  She then commenced this action asserting seven claims: violation of the Minnesota Franchise Act, Minn. Stat. § 80C.01 et seq. (Count I); violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 (Count II); violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Counts III and IV); fraud (Count V); unjust enrichment (Count VI); and declaratory judgment that she was fraudulently induced to enter into the Agreement (Count VII).  Auto Club now moves to dismiss.

**DISCUSSION**

**I.   Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585,

3

594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Here, the court properly considers the Agreement, which is referenced throughout the complaint.

**II. The Fraud-Based Claims**

Five of Smith's claims are predicated on allegedly fraudulent conduct by Auto Club. Count I alleges breach of the Minnesota Franchise Act, based on Auto Club "knowingly and

4

intentionally ... engag[ing] in unfair and inequitable conduct ... [it] had reason to know . . . was deceiving" Smith. Compl. ¶ 52. Similarly, Count II alleges Auto Club engaged in "deceptive" practices, id. ¶ 58, Counts V and VI allege fraud and unjust enrichment, respectively, based on allegedly false representations, id. ¶¶ 83, 89, and Count VII seeks a declaration that the Agreement is invalid due to fraudulent inducement, id. ¶ 94.

Because these claims either allege fraud or sound in fraud, Smith is required to plead them with particularity. Fed. R. Civ. P. 9(b); Drobnak v. Andersen Corp., 561 F.3d 778, 784 (8th Cir. 2009). In other words, she was required to plead "the who, what, where, when, and how of the alleged fraud." U.S. ex rel. Thayer v. Planned Parenthood of Heartland, 765 F.3d 914, 917 (8th Cir. 2014) (internal quotation marks and citations omitted). Auto Club argues that Smith has failed to support her allegations with any of the required details. Smith has not meaningfully responded to that argument. Failure to respond to an argument in response to a motion to dismiss "amounts to a waiver, and on that basis alone defendant's motion to dismiss ... should be granted." Espey v. Nationstar Mortg., LLC, Civ. No. 13-2979, 2014 WL 2818657, at *11 (D. Minn. June 19, 2014); Zimmerschied v. JP Morgan Chase Bank, N.A., 49 F. Supp. 3d 583, 590-91 (D. Minn. 2014).

Even if the court were to undertake a Rule 9(b) analysis, the fraud-based claims are not pleaded with the requisite particularity. "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient." Ogletree, Abbott, Clay & Reed Law Firm, L.L.P. v. FindLaw, Civ. No. 14-340, 2014 WL 2611862, at *3 (D. Minn. June 11, 2014). The closest Smith comes to laying an adequate foundation for her fraud-based claims is her allegation that Auto Club provided her with "very conservative" and "bare minimum" financial projections, which proved to be unattainable. Compl. ¶ 19. But she never alleges with any specificity the compensation or projections promised by Auto Club, nor does she allege that the unspecified projections were false or misleading when they were made. Such vague allegations do not satisfy Rule 9(b). See Trooien v. Mansour, 608 F.3d 1020, 1029 (8th Cir. 2010) (affirming dismissal of claims based on allegedly "false" revenue projections and defendant's statement that "significant accounts were going to be obtained," as "[s]uch ... general allegation[s] do[] not satisfy the requirements of Rule 9(b)").

Because Smith has failed to satisfy Rule 9(b), all of her fraud-based claims fail. Each of those claims fails under Rule 12(b)(6), as well. The Minnesota Franchise Act claim (Count I) fails because Smith has not adequately pleaded that she was a franchisee. See Clear Wave Hearing Instruments, Inc. v. Starkey

6

Holding Corp., Civ. No. 11-1562, 2012 WL 949953, at *6 (D. Minn. Mar. 20, 2012) ("As a threshold matter, Plaintiffs must allege that they have a franchise relationship with Defendants."); see also Minn. Stat. § 80C.01, subdiv. 4(a) ("'Franchise' means (1) a contract or agreement, either express or implied, whether oral or written, for a definite or indefinite period, between two or more persons ...."). The complaint does not allege a franchise relationship, and neither does the Agreement. Furthermore, the court rejects Smith's argument that costs she incurred operating her business qualify as the necessary "franchise fee." See Coyne's & Co. v. Enesco, LLC, 553 F.3d 1128, 1131 (8th Cir. 2009) (noting that a franchise fee "ordinarily [is] an up-front, direct fee for the right to distribute [the defendant's] products").

The Deceptive Trade Practices Act claim fails because Smith has not alleged any public benefit from her cause of action. See Select Comfort Corp. v. Sleep Better Store, LLC, 796 F. Supp. 2d 981, 985-87 (D. Minn. 2011) (discussing cases).

The fraud and declaratory judgment claims fail because Smith has alleged only projections of future performance, not any specific misrepresentations "of a past or present material fact." Trooien, 608 F.3d at 1029; ADT Sec. Servs., Inc. v. Swensen, 276 F.R.D. 278, 294-95 (D. Minn. 2011).

The unjust enrichment claim fails because the Agreement governed the parties' relationship, and Smith has pleaded no facts to undermine its validity. See Integrity Bank Plus v. Talking Sales, Inc., Civ. No. 04-4523, 2005 WL 419694, at *4 (D. Minn. Feb. 22, 2005) ("[T]he existence of an express contract between the parties precludes recovery under an unjust enrichment theory.").

As a result, all of Smith's fraud-based claims fail as a matter of law.

**III. The FLSA claims**

The remaining two counts allege that Auto Club violated the FLSA by (1) misclassifying her as an independent contractor and (2) failing to pay her overtime. These claims also fail as a matter of law.

Initially, it is difficult to understand the assertion that Smith was misclassified given that she knowingly signed the Agreement, which states that she is an independent contractor. Agreement § IV(D). Even if the complaint plausibly alleged that Smith was an employee of Auto Club rather than an independent contractor, neither of her FLSA claims survives. As for misclassification, Smith seems to contend she was not paid minimum wage for the hours she worked for Auto Club. See Compl. ¶¶ 69-73. But she provides no further detail, and she acknowledges having received commissions for her work. Id.

¶ 69. A minimum-wage claim is not viable if Smith received the minimum necessary compensation – that is, "hours actually worked ... multiplied by the minimum hourly statutory [pay rate]" – no matter how that pay is denominated (wages, commissions, or something else). Hensley v. MacMillan Bloedel Containers, Inc., 786 F.2d 353, 357 (8th Cir. 1986). It is not enough for Smith simply to allege that she "received only commissions and did not receive any wages for the time she worked under the [] Agreement," Compl. ¶ 69, without also alleging that she did not receive minimum wage. See Jones v. Casey's Gen. Stores, 538 F. Supp. 2d 1094, 1102-03 (S.D. Iowa 2008) (rejecting minimum-wage claim, like the one asserted here, that was predicated on a "mere allegation that certain hours actually worked by Plaintiff went entirely unpaid"); see also Bailey v. Border Foods, Inc., Civ. No. 09-1230, 2009 WL 3248305, at *2 (D. Minn. Oct. 6, 2009) ("To [plead] a viable FLSA claim for unpaid minimum wages, the complaint should indicate the applicable rate of pay and the amount of unpaid minimum ... wages due.") (internal quotation marks and citation omitted). Without more detail about the hours she worked or the commissions she received from Auto Club, her misclassification claim does not raise a right to relief "above the speculative level." Twombly, 550 U.S. at 555.

A similar analysis applies to her unpaid overtime claim. Smith must do more than allege that "at times, [she] worked more

9

than forty hours per week" and failed to receive overtime. Compl. ¶¶ 76-77.  See Jones, 538 F. Supp. 2d at 1102-03 (dismissing claim alleging that the plaintiffs "regularly worked ... overtime each week but were not paid ... overtime wages in violation of the FLSA").  Furthermore, Auto Club correctly notes that several statutory exceptions to the FLSA's overtime-pay requirements are implicated by the complaint, such as those for outside sales and bona-fide executives.  Smith did not address those arguments in her briefing, tacitly acknowledging their applicability and waiving any argument to the contrary.  Espey, 2014 WL 2818657, at *11.  As a result, the FLSA claim must be dismissed.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 15] is granted; and
2. The complaint [ECF No. 1] is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 25, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court
